UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

    Plaintiff,

v.                                                  CASE NO. 3:15-cv-1011-J-34MCR

JORDAN J. ANSBACHER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED**.

*Pro se* Plaintiff filed his Complaint and Application on August 13, 2015. (Docs. 1 & 2.) Plaintiff alleges that the apartment he rented from Defendant had lead paint, which caused Plaintiff to suffer from a nerve disorder, pain, memory and muscle problems. (*See* Doc. 1.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

On September 14, 2015, the Court entered an Order taking the Application under advisement and directing Plaintiff to file an amended complaint and an amended, notarized application, no later than October 2, 2015. (Doc. 6.) The Order provided in part:

> Plaintiff's Complaint does not include any jurisdictional allegations. For this reason alone, the Court can dismiss this action. Further, even when construed liberally,[2] the Complaint fails to state a claim on which relief may be granted. . . . The Complaint does not include a short and plain statement of facts in support of Plaintiff's claim. For example, it is unclear when the events underlying this action took place and whether Plaintiff's claim can even be redressed by this Court.
> It appears that Plaintiff seeks to appeal a final judgment entered in favor of Defendant in state court. . . . However, this Court does not have jurisdiction to hear appeals of state court decisions. The only federal court that can hear an appeal of a state court final judgment is the United States Supreme Court. . . . Therefore, the Court can, *sua sponte*, dismiss this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3).

(*Id.* at 2-3.)

On September 25, 2015, Plaintiff filed an Amended Complaint and a notarized Affidavit of Indigency.[3] (Docs. 7 & 8.) The Amended Complaint does

---

[2] The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium).

[3] The information provided in the Affidavit is confusing. For example, Plaintiff states that his monthly rental on a house or apartment is $225.00 and that he received $225.00 in rent payments, interest, or dividends in the last twelve months. (Doc. 8 at 3.) Also, Plaintiff states that the estimated value of his real property is $283.00, but he owes that same amount to an unidentified person or entity. (*Id.*) Because the undersigned recommends that this action be dismissed on other grounds, the Court need not determine whether Plaintiff is indigent for purposes of 28 U.S.C. § 1915.

not cure the deficiencies in the original Complaint. For example, the Amended Complaint, like the original Complaint, does not include any jurisdictional allegations. It does not appear that this action for negligence arises under any federal law. Moreover, there is no diversity jurisdiction because Plaintiff has not alleged the citizenship of the parties and has alleged damages in the sum of $5,000 only. Therefore, the Court does not have subject matter jurisdiction over this action. Further, to the extent Plaintiff continues to make references to what appears to be a state court case, as stated in the Court's earlier Order, this Court does not have jurisdiction to hear appeals of state court decisions.

In addition, the Amended Complaint, like the original Complaint, does not include a short and plain statement of facts in support of Plaintiff's claim. Plaintiff essentially repeats his allegations of personal injury caused by the lead paint in Defendant's apartment. However, it is not even clear when the events underlying this action took place. Therefore, this case should also be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED** for lack of jurisdiction[4] and failure to state a claim on which relief may be granted.

---

[4] The dismissal should be without prejudice. *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an
(continued...)

      2.      The Clerk of Court be directed to terminate any pending motions and close the file.

      **DONE AND ENTERED** at Jacksonville, Florida, on October 7th, 2015.

                                      MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

---

[4](...continued)
adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).